UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEREDITH PETERS,

    Plaintiff,

v.

BREAKTHROUGHS LLC and
ANASTASIA L. WAGNER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MEREDITH PETERS, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendant, BREAKTHROUGHS LLC, (hereinafter known as "BREAKTHROUGHS") and ANASTASIA L. WAGNER (hereinafter known as "WAGNER"), collectively known as "DEFENDANTS" alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. Defendant, BREAKTHROUGHS, is a Florida corporation authorized and doing business in Pasco County, Florida. At all times material Defendant was an employer as defined by the FLSA.

5. Defendant, WAGNER, was an officer of the Defendant corporation and was acting in a supervisory capacity for Defendant, BREAKTHROUGHS. Defendant WAGNER, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, WAGNER, possessed operational control of business activities.

6. Defendant, WAGNER, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

7. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the

meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

9. Defendant, BREAKTHROUGHS, is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendant, 29 U.S.C. §207(a)(1).

11. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

12. Plaintiff was employed with Defendants as a full-time hourly caretaker from August 2017 to June 2021.

13. In this role, Plaintiff worked two roles:  as a "Direct Support" caretaker for which she was paid $11.00 per hour, and as a Support Living Coach,

3

for which she was paid $20.00 per hour.

14. Notwithstanding Plaintiff's non-exempt status under FLSA, Defendants failed to properly compensate Plaintiff at the rate of 1 ½ times her regular rate of pay for all hours worked over forty (40) in a work week.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
## AS TO ALL DEFENDANTS

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

17. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

18. Plaintiff estimates that she worked an average of sixty hours per week. Defendants failed to comply with their statutory obligation to keep accurate time records.

19. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

20. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

21. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

22. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

23. Defendants' violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

24. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

25. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

    a.    Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.    Awarding prejudgment interest;

    d.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Determining that the FLSA was violated and an adjudication on the merits of the case;

    f.    Ordering any other further relief the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 26th day of January 2022.

    FLORIN GRAY BOUZAS OWENS, LLC

    /s/Wolfgang M. Florin
    Wolfgang M. Florin
    Florida Bar No.: 907804
    wflorin@fgbolaw.com

        Christopher D. Gray
        Florida Bar No.: 902004
        cgray@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 220-4000
        Facsimile (727) 483-7942
        Attorneys for Plaintiff